UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLAIRE BROWN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Docket No. 05-158-P-DMC |
| ) | |
| CROWN EQUIPMENT CORPORATION, ) | |
| ) | |
| Defendant ) | |

**ORDER RESPECTING DAMAGES**

Having carefully considered the submissions of the parties in response to the Show Cause Order I entered on August 29, 2006 (Docket No. 157), and having again reviewed the applicable statutes and the jury verdict form (Docket No. 156), I conclude that judgment should be entered in favor of the plaintiff in the amount of $1,523,809, plus interest allowed by law.

I arrive at this number, in part, by reducing the jury's economic damages and pain and suffering awards ($800,000 and $400,000 respectively) by $38,095 and $19,048 in recognition of the jury's finding that Thomas Brown was himself negligent and in proportion to the jury's overall finding of a comparative negligence offset of $200,000 when compared to its determination of total damages ($4,200,000), namely 4.7619%. In doing so, I am mindful that the governing statute, 14 M.R.S.A. § 156, directs the court to instruct the jury to reduce its total damages award by dollars and cents, and not by percentage, to the extent it considers just and equitable to reflect the claimant's share of responsibility for those damages. I so instructed the jury and the jury acted in accordance with that instruction. The statute, however, does not indicate how the court should deal with a situation like that here where a portion of the jury's damages award exceeds a statutory cap the existence and applicability

of which I deliberately withheld from the jury for reasons previously indicated. *See* Memorandum Decision on Motions *In Limine* (Docket No. 123) at 23-24.

In an effort to keep faith, to the extent possible, both with the jury's actions and the governing statutory scheme, I can conceive of no better method than to reduce the jury's comparative negligence finding to a percentage of its total damages finding and then apply that percentage to the two discrete categories of damages it found that are not subject to a cap. As for the remaining category of damages, loss of consortium, which is subject to a cap that requires that $2,600,000 of the jury's $3,000,000 award in that category be set aside, *see* 18-A M.R.S.A. § 2-804, I conclude, first, that there is no avoiding the imposition of a comparative negligence setoff to that category of damages in light of the jury's general finding that Thomas Brown was also negligent, and, second, that the setoff should be determined by application of the same 4.7619 % to the $400,000 remaining after imposition of the cap-mandated set-aside. To apply that percentage to the original award of $3,000,000, as the defendant advocates doing, ignores the reality of the significant set aside. To make no adjustment at all for contributory negligence (either to this or any category of damages) because of the extent of the set-aside, as the plaintiff argues, ignores the fact that the jury found Thomas Brown himself negligent and determined that total damages should be reduced to reflect his share in the responsibility for damages.

Judgment shall accordingly be entered in accordance herewith.

So ORDERED.

Dated this 8th day of September, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge